UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH V. FOSTER, JR. (#75808)

VERSUS                                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                              NUMBER 08-749-FJP-DLD

RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the plaintiff's Motion for Appointment of Counsel. Record document number 109.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Linda Ramsey, Warden Burl Cain, Deputy Warden Darryl Vannoy, Terri Cannon, Assistant Warden Perry Stagg, Assistant Warden Tim Delaney, Lt.Col. Randall Robertson, Lt. Col. K. Dupuis, Deputy Warden Richard Peabody, Sandra Rowe, Assistant Warden Troy Poret, Maj. W. Richardson, classification officer D. Hall and classification officer Kelly Fagen. Plaintiff alleged that the defendants retaliated against him for filing an administrative grievance in violation of his constitutional rights.

Plaintiff's complaint[1] is neither factually nor legally complex. Plaintiff succinctly set out the factual basis for his claim. Liberally construed, the plaintiff alleged that he was issued false disciplinary reports and reassigned to an undesirable job and housing unit in retaliation for filing an administrative grievance.

---

[1] *See,* Superseding Amended Title 42 U.S.C. § 1983 Complaint, record document number 32.

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996).

Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident. In addition, the plaintiff filed extensive discovery, a cross motion for summary judgment and he opposed the defendants' motion for summary judgment.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Signed in Baton Rouge, Louisiana, on November 1, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**